UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENETTA GLOVER, ET AL

VERSUS

DG LOUISIANA, LLC, ET AL

CIVIL ACTION

NUMBER 14-151-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 13, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENETTA GLOVER, ET AL

VERSUS

DG LOUISIANA, LLC, ET AL

CIVIL ACTION

NUMBER 14-151-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Renetta and Rolon Glover. Record document number 8. The motion is opposed.[1]

Based on the applicable law and the analysis which follows, the plaintiffs' Motion to Remand should be granted.

**Background**

Plaintiffs filed a Petition for Damages ("Petition") in state court against defendants DG Louisiana, LLC, Dolgencorp, LLC (collectively "Dollar General") and K & L Real Estate, LLC ("K & L"). Plaintiffs alleged that Dollar General owned and operated a Dollar General store located in Baton Rouge, and that K & L owned and/or leased and had custody and control of the store. Plaintiff Renetta Glover alleged that on October 8, 2013 she was a patron at the store when she fell and sustained injuries as a result of a defect in the premises that was unreasonably dangerous. Plaintiffs alleged that the unreasonably dangerous condition was caused, known

---

[1] Record document number 11.

to, or should have been known to the defendants.  Plaintiffs alleged that all of the defendants were negligent under Louisiana law, and also were liable under Civil Code articles 2317 and 2322 due to the defect in the premises which caused the fall and injuries to Renetta Glover.[2]  The categories of damages claimed in the petition were: medical expenses, wage loss and impaired earning capacity, physical pain and suffering, mental anguish and emotional trauma, disability, scaring and disfigurement, and loss of enjoyment of life.[3]

Dollar General removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a).  With regard to the parties' citizenship and the amount in controversy, Dollar General alleged the following in their Notice of Removal: (1) there is complete diversity because they are citizens of Tennessee and the plaintiffs are Louisiana citizens; (2) Louisiana defendant K & L was improperly joined; and, (3) although the Petition does not allege an amount of damages or describe Renetta Glover's injuries/damages with any specificity, a January 27, 2014 letter from her attorney stated that her damages exceeded the

---

[2] Record document number 1-3, Petition for Damages, ¶¶ II through VII.

[3] A claim for loss of consortuim was also alleged by plaintiff Rolon Glover. *Id*., ¶ XII.

jurisdictional amount.[4]

With regard to the timing of the removal, Dollar General asserted that the removal was timely under 28 U.S.C. § 1446(b)(3). The Petition did not describe the alleged defect that caused the fall and injuries. However, the plaintiffs' counsel sent a picture of the alleged defect to the defendants' counsel on February 19, 2014, which showed an object attached to and sticking up from the floor.[5] According to the defendants, this is an "other paper" which identified the alleged defect in the premises and gave them notice that K & L was improperly joined. Dollar General removed the case within 30 days of this notice.

Plaintiffs moved to remand on two grounds: (1) the removal was untimely under 28 U.S.C. § 1446(b)(3); and, (2) there is no diversity because the defendants cannot demonstrate that K & L was improperly joined. Plaintiffs also moved for an award of attorney's fees under 28 U.S.C. § 1447(c).

**Applicable Law**

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter &*

---

[4] Record document number 1-6, Exhibit D.

[5] Record document number 1-4, Exhibit B. Dollar General asserted that the picture shows a device to prevent theft. Record document number 11, Defendants' Opposition to Motion to Remand, p. 4.

3

*Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, it means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the

4

controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

The controlling state law in this case is the Louisiana statute and case law related to the liability of owners or custodians of things that result in damage caused by their ruin, vice or defect.[6] The applicable provisions of the Louisiana Civil Code are as follows:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.[7]
>
> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable case, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.[8]
>
> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect

---

[6] The general article on negligence is also applicable: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LSA-C.C. Art. 2315.

[7] LSA-C.C. Art. 2317.

[8] LSA-C.C. Art. 2322.

5

which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.[9]

Thus, to establish liability based on ownership and custody of a thing, the plaintiff must show that: (1) the defendant was the owner or custodian of a thing which caused the damage; (2) the thing had a ruin, vice, or defect that created an unreasonable risk of harm; (3) the ruin, vice, or defect of the thing caused the damage; (4) the defendant knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect; (5) the damage could have been prevented by the exercise of reasonable care; and, (6) the defendant failed to exercise such reasonable care. *Pourciau v. ECCO Nino, Inc.,* 2012 WL 3631123 (La.App. 1 Cir. Aug. 23, 2012). The things in one's custody and care or "garde," are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them.

Ownership in many cases establishes the requisite benefit, control and authority to find garde, and a plaintiff may prove custody by establishing ownership. But the two are not synonymous. Although ownership creates the presumption of garde, this presumption can be rebutted by the owner. *Chavers Bright Truck*

---

[9] LSA-C.C. Art. 2317.1

*Leasing*, 945 So.2d 838, 845-46 (La.App. 3 Cir. 2006), citing, *Doughty v. Insured Lloyds Ins. Co.,* 576 So.2d 461, 464 (La. 1991); *Giorgio v. Alliance Operating Corp.,* 921 So.2d 58, 73 (La. 2006). Therefore, the principle of garde is much broader than ownership, and multiple parties may have garde of the same thing. Ultimately, whether the law imposes a duty upon a particular defendant is a factual inquiry. *Strouse v. M & M Properties*, 753 So.2d 434, 440 (La.App. 2 Cir. 2000).

Plaintiff also requested an award of cost and actual expenses including attorney's fees under 28 U.S.C. § 1447(c).

There is no automatic entitlement to an award of attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance,

7

a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## **Analysis**

Dollar General argued that the plaintiffs have no possibility of recovery against K & L under Louisiana Civil Code articles 2322 or 2317. For an owner of a building to be held liable under Articles 2322 and 2317 the owner must have custody or control over the building or defect. However, according to the defendants, at the time of the alleged incident, K & L did not exercise the required custody or control because Dolgencorp, LLC had leased the building for three years in the Lease Modification Agreement #4 executed on March 30, 2011.[10]

---

[10] Record document number 1-5, Exhibit C.

The arguments and documents relied on by Dollar General fail to carry their burden of demonstrating that there is no reasonable basis for the district court to predict that the plaintiffs might be able to recover against K & L. Dollar General essentially argued that the existence the K & L lease establishes as a matter of law it does not have custody under Article 2317. Dollar General cited no legal basis for this position.[11] Moreover, the lease agreement relied on essentially provides for only term of the lease and payment of the rent. The agreement does not contain any provisions related to the custody and responsibilities of the landlord/lessor and tenant/lessee for the condition of the leased premises. Dollar General did not present any facts to dispute that K & L was an owner of the premises as alleged in the Petition.

Given that under Louisiana law a plaintiff may prove custody by establishing ownership, because an owner presumptively has custody, and that more than one person can simultaneously have custody of a defective thing, the mere existence of the lease does not foreclose finding that K & L had custody, or garde, of the premises. At best the lease creates a disputed question of fact on the issue of custody or garde under Article 2317. In resolving questions of improper joinder, all disputed questions of fact must be resolved in favor of the plaintiffs. Therefore, after resolving

---

[11] The case cited by the defendants, *Moss v. State,* 993 So.2d 687 (La.App. 1 Cir. 2008), involved custody and control of a state highway, and there was no dispute on the issue of custody.

all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs, the court cannot conclude that there is no possibility the plaintiffs can recover under state law against K & L.[12]

Plaintiffs also moved for an award of attorney's fees and costs under 28 U.S.C. § 1447(c), but they did not present any analysis of why they are entitled to an award under the applicable law. An award under § 1447(c) requires a showing that at the time of removal the defendants lacked an objectively reasonable basis for seeking removal.[13] Considering this standard, a finding that Dollar General lacked an objectively reasonable basis for the removal is not warranted. Given the existence of the lease, and the general, non-specific nature of the plaintiffs' allegations regarding the ownership and custody of the premises/defect,[14] at the time of removal it was not objectively unreasonable for the defendants to remove the case and rely on the argument that K & L did not have custody of the alleged defect in the premises. For these reasons, the plaintiffs' request for an award of fees and costs incurred in connection with the Motion to Remand should be

---

[12] Because Dollar General failed to demonstrate that K & L was improperly joined, it is unnecessary to address the issue of untimeliness and the other arguments made by the plaintiffs.

[13] Nor did the plaintiffs set forth the costs and fees they incurred in connection with filing the motion.

[14] Record document number 1-3, Petition for Damages, ¶¶ II and III.

denied.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Renetta and Rolon Glover, be granted. It is further recommended that the plaintiffs' request for costs and expenses under 28 U.S.C. § 1447(c) be denied.

Baton Rouge, Louisiana, June 13, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE